Mandeville v. Cudebec.

GEORGE J. MANDEVILLE v. F. M. CUDEBEC.

No. 14,644.   (85 Pac. 1134.)

NOVATION—*Pleading—Demurrer.* A demurrer to a plea of payment by way of novation was said to have been properly sustained.

Error from Franklin district court; CHARLES A. SMART, judge. Opinion filed June 9, 1906. Affirmed.

*C. B. Mason,* for plaintiff in error.

*H. A. Richards,* for defendant in error.

*Per Curiam:* This was an action to recover upon a judgment obtained by the plaintiff against the defendant in the state of Nebraska. The answer pleaded payment, and the facts upon which defendant relied as payment were specifically set out in two separate defenses. One was an attempt to plead payment by a transfer of certain property to the plaintiff in satisfaction of the judgment; the other was an attempt to plead payment by way of a novation of a debt owing to defendant from one Myron Tuttle.

The facts pleaded in the first defense show that the property delivered to plaintiff was delivered to him as

Railroad Co. v. Lippincott.

security for the judgment, and in the second defense it is not stated that plaintiff agreed to accept Tuttle as his debtor and release the defendant. The agreement between Tuttle and the defendant that Tuttle would pay plaintiff's judgment is in writing, and is set out in the pleading, but the plaintiff was not a party to this agreement and there is no allegation that he at any time agreed to release his judgment against the defendant and in lieu thereof accept Tuttle as his debtor.

The court sustained a demurrer to this answer and this is the only error complained of. The demurrer was properly sustained, and the judgment is affirmed.